IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS RAY RODRIGUEZ,

      Plaintiff,

v.                                                                 No. 2:24-cv-00713-KWR-DLM

DEBORAH OCHOA,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" and alleged:

> [Defendant, who is the mother of Plaintiff's children] takes our two boys to visit grandma. Sheriff dupity calls me cum pick up your boys moms going to jail for battery on a houshold membr, [Defendant] Ochoa pleads guilty, sentencing day cums [Defendant] gets kids and disapperis District court judge grants me x parte sole custody of my boys, judge put on sole cudtody, the boys are from the State of New Mexico, mother disaparred to Texas crossed state lines, a federal offence, law enforcment tells me its a federal matter.

[sic] Complaint at 2, Doc. 1, filed July 12, 2024. Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 and for negligence, parental interference, kidnapping and a "federal crime." Complaint at 2-3.

United States Magistrate Judge Damian L. Martinez notified Plaintiff:

> The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 against Defendant. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). There are no allegations that Defendant was acting under color of state law.
>
> The Complaint fails to state claims for kidnapping and a "federal crime." "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v.*

> *Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Order to Show Cause at 2-3, Doc. 5, filed July 15, 2024.  Judge Martinez ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims and to file an amended complaint.  *See* Order to Show Cause at 4.

Plaintiff did not show cause but did file a hand-written Amended Complaint.  *See* Doc. 6, filed August 6, 2024.  Plaintiff alleges:

> Mother gets kids and disappears 6 months have passed no phone calls nothing from my boys. All us parents have right to our kids. I'm asking the court to help me with the pain and suffering from not seeing my boys and the judge to help locate my boys and returned to me.

Amended Complaint at 4.

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983 for failure to state a claim because there are no allegations in the Amended Complaint that Defendant was acting under color of state law.  The Amended Complaint does not allege any other claims arising under the Constitution or laws of the United States.  The Amended Complaint does not allege the Court has diversity jurisdiction.  Plaintiff states he looked for Defendant's address in New Mexico and Texas but has not been able to locate Defendant and her address is unknown.  *See* Amended Complaint at 1, 8.

The Court, having dismissed Plaintiff's only federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case without prejudice.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing

state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**


        /S/ KEA W. RIGGS      
**UNITED STATES DISTRICT JUDGE**